# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS GOODMAN, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. CV13-05959 GAF (MANx)<br>*Hon.Gary A. Feess - Ctrm. 740 Roybal*<br>*Hon. Mag. Margaret A. Nagle - Ctrm. 580 Roybal*<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

　　　Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Protective Order as Stipulated to by the Parties ("Stipulation") filed on May 15, 2014, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 8, 9, 10, and 11 of the Stipulation.

　　　The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the

parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken their good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential, or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include

2

1  an explanation of why redaction is not feasible.

2  Notwithstanding any other provision of this Protective Order, in the event that this
3  case proceeds to trial, all information, documents, and things discussed or introduced
4  into evidence at trial will become public and available to all members of the public,
5  including the press, unless sufficient cause is shown in advance of trial to proceed
6  otherwise.

7  **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN**
8  **COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A.**
9  **FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE**
10 **APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

11

12 **AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND**
13 **MODIFIED BY THE COURT[1]**

14

15  1.  Defendants (hereinafter "Disclosing Party(ies)") may designate as
16 confidential any personnel files and/or Internal Affairs documents **which** they believe
17 contain confidential or private information.  Such documents may be classified as subject
18 to this **P**rotective **O**rder by marking each document or writing with a watermark, such as
19 "Confidential," "Confidential Documents," "Confidential Material," "Subject to
20 Protective Order," or words of a similar effect.  Documents and writings so designated,
21 and all privileged information derived therefrom [hereinafter collectively referred to as
22 "Confidential Information"], shall be treated in accordance with the terms of this
23 **Protective Order**.  In making this designation, the Disclosing Parties are also
24 representing that no portion of the document is segregable and, therefore, subject to
25 production without restriction as "Confidential."
26  2.  Confidential Information may be used by the persons receiving such

27
28  [1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

3

information [hereinafter "Receiving Party(ies)"] only for the purpose of litigation of this case, and for such other purposes as permitted by law.

3. Subject to the further conditions imposed by this **Protective Order**, the Confidential Information may only be disclosed to the Court and to the following "qualified" persons:

    (a) Counsel of record for the parties to this civil litigation;

    (b) Defendant Los Angeles Police Department;

    (c) Attorneys, paralegals, law clerks, stenographic, clerical and secretarial personnel who are employees in the offices of counsel referred to in subparagraph (a);

    (d) Parties to the litigation;

    (e) Expert witnesses consulted and/or retained for this action; and

    (f) The judge and court personnel, including stenographic reporters.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), (c), or (d), counsel for the Receiving Party who **or which** seeks to use or disclose such Confidential Information shall first provide a copy of this **Protective Order** and have the individual to whom the Receiving Party intends to disclose said Confidential Information sign the Nondisclosure Agreement set forth in Attachment "A," stating that the person has received and read a copy of the **Protective Order** and understands that s/he is bound by the terms of the **Protective Order**.

5. Unless made on the record in this litigation, counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreements until thirty (30) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Disclosing Parties, counsel for the

Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed documents, in camera with the Court having jurisdiction of the **Protective Order**.

6. The court reporter, videographer, and audiographer, if any, who record all or part of the depositions in this matter of Defendant Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department, shall be subject to this **Protective** Order. In preparing the original deposition videotape, audiotape, or portions thereof, any copies thereof, or portions of copies thereof, all documents designated as "Confidential Information," and all **deposition** testimony involving information derived from such "Confidential" documents shall be segregated from the rest of the deposition. No copies of such segregated "Confidential Information" portions of the materials described above shall be provided to any persons other than those persons identified in paragraph 3. Nothing in this agreement is intended to limit the rights of third parties to obtain such Confidential Information through discovery and subpoena power in other proceedings, subject to a motion for a protective order filed in those proceedings by the party seeking to prevent disclosure of the Confidential Information.

7. If any "Confidential Information" documents or testimony derived from such documents occurs at a deposition, those attending such portions of the depositions shall be bound by this **Protective** Order and, therefore, shall not disclose to any person or entity, in any manner, including orally, any statements made by Defendant Los Angeles Police Department, or any other current or former employee of the Los Angeles Police Department during the "Confidential" sections of said depositions.

8. Upon final termination of this litigation, including any appeal pertaining thereto, all documents still classified as Confidential Information at that time, and all copies thereof, including copies provided to any qualified person in paragraph 3**, except the Court and its personnel,** herein above, shall be returned to the Disclosing Party within thirty (30) days.

9. If any Receiving Party who receives Confidential Information is served with a subpoena or other request seeking Confidential Information, s/he or it shall immediately give written notice to counsel for the Disclosing Parties, identifying the Confidential Information sought and the time in which production or other disclosure is required. Such notice shall be given sufficiently in advance of the date for production or other disclosure so that the Disclosing Parties have the opportunity to **seek** an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Information. However, in no event should production or disclosure be made without prior written approval by the Disclosing Party's Counsel unless required by court order.

10. Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation which contain or incorporate Confidential Information shall be **submitted with an application to file the material under seal in accordance with the requirements of** Local Rule 79-5, which governs the filing of documents under seal**, and this Protective Order**. Any other pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions that refer to, but do not contain or incorporate, Confidential Information, shall designate the particular aspects that are confidential so as to enable the Court, in drafting presumptively public orders relating to under seal filings, to determine whether there is evidence which the Court should attempt not to disclose. If any papers to be filed with the Court contain protected information, the proposed filing shall be accompanied by **the requisite** application -- **and supporting declaration(s)** -- to file the papers, or the portion thereof containing the protected information, under seal, and that the application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

11. Counsel for the parties agree to request **an order from the Court** that any motions, applications or other pre-trial proceedings which would entail the disclosure of

Confidential Information be heard by the Court in a manner that would preserve the confidential nature of the information.

12. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence.

13. Any violation of this **Protective** Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14. Any party bound by this **Protective Order** who **or which** contests the confidential nature of documents produced pursuant to this **Protective Order** may move the Court for an order to have the documents removed from **protection afforded by** the **P**rotective **O**rder and to have the documents declared not confidential, or otherwise move to modify the **Protective Order** as to some or all of the documents.

15. Any procedures specified above in this Protective Order are in addition to, and not in lieu of, compliance with the local rules regarding discovery motions.

**IT IS SO ORDERED.**

Dated: June 23, 2014

*Margaret A. Nagle*

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

///
///
///
///
///
///
///

# ATTACHMENT "A"
# NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Lois Goodman v. Los Angeles Police Department, et al.*, United States District Court for the Central District of California, Central Division, Case No. CV13-05959 GAF (MANx), and hereby agree to comply with and be bound by the terms and conditions of said Protective Order. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____    Signed: _____